HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL WILLIAMS for CSG LLC, on behalf of SCOTT SIMON and NIKKI SIMON,<br><br>Plaintiffs,<br><br>v.<br><br>OPVHHJV LLC, dba Pathlight Property Management; HOME PARTNERS OF AMERICA; ETHAN AZIZ; DAVID WOOD; and JOHN DOE AND JANE DOE 1-100,<br><br>Defendants. | Case No. 2:21-cv-00165-RAJ<br><br>**ORDER** |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and LCR 11.  Dkt. # 7.  Plaintiff Michael Williams filed a response. Dkt. # 12.  For the reasons below, the motion is **DENIED**.

## II.   BACKGROUND

On February 9, 2021, a complaint was filed by Michael Williams "on behalf of" Plaintiffs Scott and Nikki Simon.  Dkt. # 1 at 1, 3.  On February 10, 2021, the Court sent a letter to Plaintiffs indicating a number of deficiencies related to the filing of the complaint in this matter.  Dkt. # 3.  Specifically, the letter noted that Plaintiffs did not

ORDER – 1

1  provide a filing fee or apply for In Forma Pauperis status, they failed to file a civil cover
2  sheet, and they did not provide a signature on the document as needed.  *Id.*  The Court
3  warned Plaintiffs that failure to correct the deficiencies by March 12, 2021 may result in
4  dismissal of the case.  *Id.*  Plaintiffs failed to correct the deficiencies, and on March 19,
5  2021, the Court dismissed the matter without prejudice.  *Id.*  The same day, Defendants'
6  counsel submitted an Unauthorized Practice of Law Complaint Form to the State of
7  Washington's Practice of Law Board claiming that Mr. Williams is not authorized to
8  practice law, yet he leads people to believe that he is a legal professional who can assist
9  with legal issues.  Dkt. # 7 at 5.  The complaint was then referred to the Washington
10 Attorney General's Office and to the King County Prosecutor's Office for further action.
11 *Id.*

12 On May 20, 2021, Defendants' counsel, Walter H. Olsen, Jr., sent a copy of the
13 motion for sanctions to Mr. Williams along with a letter.  Dkt. # 10 at 1.  Mr. Olsen
14 requested that Mr. Williams call him on May 26, 2021 at 4:30 PM.  *Id.*  Mr. Williams did
15 not call at that time.  *Id.*  On May 27, 2021, Mr. Olsen called Mr. Williams to confirm his
16 receipt of the motion for sanctions.  *Id.* at 2.  Mr. Williams informed Mr. Olsen that he
17 had "just received" the letter and motion from "his registered agent" via email but had
18 not reviewed it.  *Id.*  Mr. Williams said he would call Mr. Olsen if he wished to discuss
19 the letter.  *Id.*

20 On May 28, 2021, Defendants filed a motion for sanctions under Rule 11 of the
21 Federal Rules of Civil Procedure and Local Civil Rules.  Dkt. # 7 at 1.  Defendants allege
22 that Michael Williams, appearing "on behalf" of Plaintiffs Scott and Nikki Simon, is not
23 a licensed attorney and engages in the unlawful practice of law.  *Id.*  Defendants allege
24 that Mr. Williams has filed at least three other lawsuits[1] in the United States District

---

[1] The Court notes that the three additional cases cited by Defendants were all dismissed on procedural grounds *sua sponte*. *See Williams et al v. Brown et al,* No. 2:20-cv-01701-JCC (W.D. Wash. filed November 18, 2020); *Williams et al v. Mian et al*, No. 2:20-cv-01702-JCC (W.D. Wash. filed November 18, 2020); *Williams et al v. Harrington et al*,

ORDER – 2

Court of the Western District of Washington on behalf of others. *Id.*

In response to the motion for sanctions, Mr. Williams argues that the request for attorney's fees is "incredible since the [c]ase never got started." Dkt. # 12 at 2. He also claims that Defendants' attorneys at the Olsen Law Firm have a conflict of interest based on their efforts to discredit Mr. Williams. *Id.* Mr. Williams contends that the Olsen Law Firm has been hired by one of the named Defendants, Pathlight Property Management, "for the sole purpose of [s]landering and [d]efaming [Mr.] Williams and trying to hurt and harm him [f]inancially based on his knowledge and previous issues with Pathlight Property Management." *Id.* Mr. Williams claims that he has incurred significant financial loss based on the actions of Pathlight Property Management and that they are attempting to retaliate or "silence" him. *Id.* at 3.

### III.   DISCUSSION

In federal court, a plaintiff may represent themselves or be represented by an attorney. 28 U.S.C. § 1654. While a non-attorney may appear on his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). A non-attorney has no authority to appear as an attorney for an individual other than himself. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

The Court finds that Mr. Williams' representation of Plaintiffs Scott and Nikki Simon is improper. There is no dispute that Mr. Williams is not an attorney, and the right to appear *pro se* belongs to Scott and Nikki Simon alone. Mr. Williams may not represent them or any other person in the Western District of Washington. He may not sign a pleading on their behalf pursuant to Federal Rule of Civil Procedure 11(a), which provides that every pleading "must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." *See* Fed. R. Civ. P. 11(a).

---

No. 2:21-cv-00143-JCC (W.D. Wash. filed February 2, 2021).

ORDER – 3

Defendants contend that Mr. Williams has also violated Rule 11(b) and is subject to sanctions under Rule 11(c). Under Rule 11(b), by filing a pleading, motion, or other paper, an attorney or unrepresented plaintiff certifies that "to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

A party may move for sanctions based on a violation of Rule 11(b) after providing the opposing party with notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1). A motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The Ninth Circuit has held that this 21-day "safe harbor period is mandatory." *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1152 (9th Cir. 2002); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (same).

Here, Defendants' counsel served Mr. Williams with the motion for sanctions on May 20, 2021. Dkt. # 10 at 1. Defendants' counsel then filed the motion with the Court just eight days later on May 28, 2021. Dkt. # 7 at 1. The motion was filed more than two months after the complaint was dismissed on March 19, 2021. Dkt. # 5.

ORDER – 4

The Court finds that Defendants' failure to comply with Rule 11(c)'s safe-harbor requirement compels a denial of sanctions. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (reversing a district court's award of sanctions because the party moving for sanctions under Rule 11 failed to comply with the 21-day advance service provision). As the Ninth Circuit explained, the purpose of the safe harbor requirement "is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions.*" *Barber*, 146 F.3d at 710 (emphasis original). The *Barber* court noted that the requirement "was deliberately imposed" and highlighted the Advisory Committee's discussion of its purpose:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

*Id.* (citing Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend.)

The fact that the offending complaint had been dismissed before the motion for sanctions had been filed does not render a different outcome. *See* 146 F.3d at 710–11 (holding that a party could not delay serving a Rule 11 motions for sanctions until the conclusion of the case or the court's rejection of the contention at issue because that would deprive the nonmoving party of the opportunity to withdraw the contention and escape sanctions). Given the Ninth Circuit's strict adherence to the procedural requirements of a Rule 11 motion for sanctions, the Court here must deny Defendants' motion for failure to comply with the safe-harbor provision. *Radcliffe*, 254 F.3d at 789.

The Court is also disinclined to impose sanctions under Local Civil Rule 11. LCR 11 provides the following, in relevant part:

ORDER – 5

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure . . . or who presents to the court unnecessary motions or unwarranted opposition to motions . . . or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

Local Rules W.D. Wash. 11(c). The Court recognizes that Mr. Williams improperly filed this action in violation of the federal rules of civil procedure. The Court does not find sanctions to be necessary to deter Mr. Williams from filing further motions as he has not filed any motions beyond the initial complaints or since the first dismissal of his four cases in this court. Moreover, because all complaints were dismissed *sua sponte*, the defendants did not incur significant costs in responding to them. Mr. Williams is hereby warned that further disregard of the federal and local rules of civil procedure through the improper filing of motions as a non-attorney "on behalf" of individuals or other unauthorized practice of law in this Court may result in the imposition of monetary sanctions or contempt for violation of a court order.

## IV.   CONCLUSION

For the reasons stated above, the motion for sanctions is **DENIED**. Dkt. # 7. **IT IS FURTHER ORDERED** that Michael Williams shall immediately and forthwith cease the unauthorized and improper representation of persons before this Court. The Court will not hesitate to impose monetary sanctions or hold Mr. Williams in contempt if Mr. Williams fails to adhere to this Order.

DATED this 28th day of March, 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6